## HERSHFIELD v. GRIFFITH.

*The preceding case affirmed, the case here having been a proceeding to obtain satisfaction of a mortgage.*

APPEAL from the Supreme Court of the Territory of Montana.

Griffith sued Starr in one of the District Territorial courts of Montana, on a mortgage on certain property; the suit being brought under the Civil Practice Act, quoted in the preceding case; an act passed under circumstances there set forth, and which it is necessary for the reader to possess himself of in order to understand at all this case. One Hershfield intervened, asserting that he had a mortgage on the property, of a date prior to that sued on by Griffith. The court gave judgment in favor of Griffith, and Hershfield took the case to the Supreme Court of the Territory, which affirmed the judgment below. Hershfield now brought the case here by *appeal*, assigning among other errors the blending of equity and common-law jurisdiction.

*Mr. Lyman Trumbull, for the appellant,* adverting to the seventh amendment to the Federal Constitution, the Process Act of 1792, the organic law of the Territory, and the Civil Practice Act—all set forth in the preceding case (*supra,* p. 648–650),—and to the same cases as Mr. Leech referred to in the argument there, argued, that a foreclosure of a mortgage—a proceeding in its essence equitable—had been performed through common-law means, and argued further, as Mr. Leech did in the preceding case, that it was not competent for the Territorial legislature of Montana to abolish, as it had sought to do by its Civil Practice Act, the distinction between chancery and common-law proceedings, which the organic act, adopting the Process Act, had recognized; and that this court had in numerous cases so decided.

*Messrs. J. Hubley Ashton and N. Wilson, contra,* contended that a proceeding to obtain satisfaction of a mortgage was not necessarily a proceeding in equity, and adverted to the practice in Pennsylvania, where regarding a recorded mortgage as in the nature of a judicial record, a *scire facias* was by statute allowed to be issued thereon through common-law courts; the only courts which, with rare exception, the State of Pennsylvania had ever had. It was not necessary, therefore, to assume that the proceeding below had been an equitable one. Being had in courts not courts of chancery, it was to be regarded as a common-law proceeding, and proper. If, therefore, the appeal was not to be dismissed, the decree should be affirmed.

But the appeal should be dismissed. The proceeding having been, as shown above, one at law, a writ of error was the only proper means to bring it here.

Mr. Justice BRADLEY delivered the opinion of the court.

The only point made in this case is, that being one of equity jurisdiction it was tried by jury as an action at law. This being so it would seem that, under the seventh article of amendments to the Constitution, it should have been removed by writ of error and not by appeal. But that aside,

we have just decided in *Hornbuckle* v. *Toombs* that equitable as well as legal relief may be pursued by the form of action prescribed by the Territorial legislature. There is no complaint that this was not done, or that substantial justice was not administered between the parties.

JUDGMENT AFFIRMED.

Dissenting, Justices CLIFFORD, DAVIS, and STRONG.