## WALKER et al. v. DETWILER.
### No. 8155.

Circuit Court of Appeals, Sixth Circuit.
March 5, 1940.

Merle M. Agin, of Wadsworth, Ohio (John A. Weber, of Medina, Ohio, on the brief), for appellants.

J. B. Palmquist, of Medina, Ohio, for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

From decision below ordering restoration of possession of farm lands to a farmer who had been ousted therefrom by a State Court writ in foreclosure proceedings incomplete when the farmer's petition for composition and extension under the Agricultural Adjustment Provisions of the Bankruptcy Act was filed, the grantees of the purchaser at foreclosure sale appeal. The principal challenge to the decree is that the Bankruptcy Court had no jurisdiction of the property because the farmer did not own it when he filed his petition, and not having executed or assumed the mortgage, was not a debtor entitled to avail himself of the provisions of the Act.

The farm had belonged to Joseph B. Detwiler and Elizabeth Detwiler, father and mother of the debtor, who had executed mortgages thereon to the Federal Land Bank of Louisville, and the First National Bank of Wadsworth, Ohio. Its mortgage being in default and Joseph Detwiler dead, the Wadsworth Bank began foreclosure proceedings in 1935 against Mrs. Detwiler joining the debtor as the administrator of his father's estate, in the Court of Common Pleas of Medina County, Ohio. The debtor was then a tenant of the property, under a written lease from his mother, expiring April 1, 1936. The foreclosure suit proceeded to a decree on October 18, 1935, directing the equity of redemption in the Detwilers to be foreclosed through sale of the premises by the sheriff of the county, subject to the leasehold interest and the first mortgage. Before the order of sale was executed Elizabeth Detwiler quitclaimed the farm to the debtor by her deed of November 12, with no provision therein for the assumption of the mortgages by the grantee. On November 15 the debtor filed his petition in the Bankruptcy Court asking for a composition or an extension from his creditors. Notwithstanding the filing of his petition the sheriff proceeded to sell the property on November 25, the purchaser being the Wadsworth Bank. The court confirmed the sale on March 7, 1936, and on March 31, the bank deeded the farm to the appellants, who were let into possession by process of the County Court.

The controversy was first brought to the attention of the Bankruptcy Court by the bank's petition to strike the real estate here involved from the debtor's schedule of assets. The petition being referred to the conciliation commissioner it was disallowed, and upon review by the District Judge, the order was on May 15, 1936, confirmed. The debtor made an offer of composition to his creditors which was rejected, and on September 19, 1936, filed his petition to be adjudicated a bankrupt under Section 75, sub. s, of the Bankruptcy Act as amended, 11 U.S.C.A. § 203, sub. s, which was referred to a Referee in Bankruptcy. Thereafter the debtor filed his petition to be restored to possession of the farm, and on November 27, 1937, the Referee made an order directing the appellants to vacate the premises, which on review was confirmed on July 14, 1938, by the District Judge.

The appellants contend that the farm never came within the jurisdiction of the Federal Court in Bankruptcy because the debtor was not the owner of it, and so his petition was ineffective to confer jurisdiction. It was conceded, however, at the argument, that under Ohio law a right to redeem mortgaged property exists in the mortgagor up to the time the sale under foreclosure decree is confirmed. When Elizabeth Detwiler deeded to the debtor she had still a right to redeem. This was a property right which she could convey and did convey to her son. It is unimportant that her deed was not acknowledged until November 16, the day after the filing of the bankruptcy petition. While acknowledgment was necessary to entitle the deed to record, yet as between the parties thereto, it was effective to pass whatever interest the grantor had to her grantee. Section 75, sub. n, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, sub. n, provides that the filing of a petition with the clerk of the court, or with the conciliation commissioner, praying for relief under the

section, immediately subjects the farmer and all his property, wherever located, to the exclusive jurisdiction of the court, including "the right or the equity of redemption where the period of redemption has not or had not expired," or "where the sale has not or had not been confirmed, or where deed had not been delivered, at the time of filing the petition."

■ Contention is made that it was impossible for the debtor to acquire ownership in the farm while the foreclosure action was pending wherein he had been made a party defendant and served with summons because of Section 11300 of the Ohio General Code, which provides: "When the summons has been served or the publication made, the action is pending so as to charge third persons with notice of its pendency. While pending, no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." The obvious and complete answer to it is that no interest in the farm in derogation of the mortgagee's title therein is claimed by the debtor. His petition is expressly in recognition of the mortgage liens as to which he seeks either a composition or an extension of time for their payment.

Principal reliance is, however, placed by the appellants on their assertion that the bankrupt is not a debtor either of the Federal Land Bank of Louisville or of the First National Bank of Wadsworth by reason of the fact that he did not execute the mortgages or the notes thereby secured, and did not assume their payment so that he is not entitled to the relief afforded debtors as against these creditors under § 75. There is doubtless authority directly, or by analogy, supporting this view. In re Hanley, D.C., 9 F.Supp. 463; In re Borgelt, 7 Cir., 79 F.2d 929; United States Nat. Bank of Omaha v. Pamp, 8 Cir., 83 F.2d 493. The cases do not, however, give adequate consideration to the primary purpose of the composition and extension provisions of the Act,—its specific definitions or the broader view of debt relationship in the light of the statutory concept of rehabilitation. In the general provisions defining the scope of the additional jurisdiction conferred upon the Bankruptcy Courts by Secs. 73, 74 and 75 of the Bankruptcy Act (11 U.S.C.A. Secs. 201, 202, 203), the term "debt" for the purpose of an extension proposal is defined to include "all claims of whatever character against the debtor *or his property.*" In the same sections, a "debtor" is defined as "any person by or against whom a petition is filed," and "creditor" for the purpose of an extension proposal include "all holders of claims of whatever character against the debtor *or his property.*"

■■ The test that determines jurisdiction is not the provability of a debt against the bankrupt under the original provisions of the Act, or whether without bankruptcy a mortgage creditor could obtain a deficiency decree against the holder of the title, but whether there exists a debt, no matter how arising, which may be enforced against the bankrupt or the bankrupt's estate. All doubt as to whether a debtor-creditor relationship must exist in order to entitle a farmer to avail himself of the agricultural extension provisions of the Act, and so subject his farm to the jurisdiction of the Bankruptcy Court, seems to be set at rest by the rationale of the decision in Wright v. Union Central Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 1032, 82 L.Ed. 1490. The court in that case, disposing of a contention advanced by the grantee of property from a purchaser at foreclosure sale, said: "While there may be no relation of debtor and creditor between the bankrupt and the purchaser of his property at judicial sale, we think the purchaser at a judicial sale does enter into the radius of the bankruptcy power over debts. His purchase is in the liquidation of the indebtedness. The debtor has a right of redemption of which the purchaser is advised, and until that right of redemption expires the rights of the purchaser are subject to the power of the Congress over the relationship of debtor and creditor and its power to legislate for the rehabilitation of the debtor. *The person whose land has been sold at foreclosure sale and now holds a right of redemption is, for all practical purposes, in the same debt situation as an ordinary mortgagor in default; both are faced with the same ultimate prospect, either of paying a certain sum of money, or of being completely divested of their land.*" (Emphasis ours.)

■ The debtor having by his petition placed his property within the jurisdiction of the Bankruptcy Court under Section 75 of the Bankruptcy Act, all subsequent proceedings in the State Court, including the writ by which he was dispossessed, are a nullity, and the order of the District Court directing appellants to vacate and restore possession of the property to the debtor is without error.

The order below is affirmed.