### PARADISE LAND & LIVESTOCK CO. v. FEDERAL LAND BANK OF BERKELEY.

No. 3064.

Circuit Court of Appeals, Tenth Circuit.

Feb. 19, 1945.

J. D. Skeen, of Salt Lake City, Utah (E. J. Skeen, of Salt Lake City, Utah, on the brief), for appellant.

Richard W. Young, of Berkeley, Cal. (Richards & Mitchell, of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This proceeding arises under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. This is the fifth appearance of this case in our court.[1] The facts are set out in detail in the various opinions of the court and the statement of facts here will be limited to what is necessary to an understanding of the new problems presented by this appeal.

The claim of appellee[2] arose under three separate mortgages which were reduced to judgments in the state court of Utah in a foreclosure proceeding prior to the institution of this proceeding. On May 6, 1944, while this proceeding was still pending in the federal court, appellant filed a petition alleging that the bank was charging excessive interest on its judgments and had also included in its claim approximately $2,726 as court costs, attorneys' fees, and expenses of foreclosure, in addition to the amount legally due it on its judgments. It prayed that the bank be compelled to appear and make proof of the amount legally due on its claim. While this application was pending, appellant filed a further pleading alleging that the amount due the bank was approximately $66,510.84 and offered to pay this sum, less a small amount on deposit with the clerk, into court. After a hearing on these applications, the court found that the amount of $66,510.84, less the deposit with the clerk, was substantially less than the amount due, and that the petitions and offer to pay $66,510.84 should be denied. The court concluded as a matter of law that the judgments of foreclosure in the state court were valid and binding in all respects upon the federal court. The court thereupon entered judgment accordingly, and entered a further judgment dismissing the offer of appellant to pay into court the sum of $66,510.84, less the amount on deposit with the clerk of the court. This appeal is prosecuted from this order and judgment of the court.

Appellant in the main presents two points on which it relies for reversal—first, that under a Congressional enactment passed subsequent to the execution of the notes and mortgages to the bank,[3] it could charge only 3½ per cent interest, irrespective of the higher rate fixed in the notes and mortgages, and in the judgments entered thereon in the state court; second, that the bank could not lawfully add the amount it claimed as attorneys' fees, court costs and expenses incident to foreclosure to its judgment. It is urged that the court erred in considering these amounts, as it admittedly did, in reaching its conclusion that appellant owed substantially more than the amount it had tendered into court, and that the court was therefore in error in concluding that appellant had not tendered enough in satisfaction of appellant's judgment. It is further urged that the court should have determined the amount due on the Bank's claim.

The conclusions we have reached make unnecessary a consideration of these questions. At some stage of this proceeding, the exact time of which is not made clear in the record, appellant redeemed from the foreclosure sale in the state court by paying directly to the Bank, and not into the federal court, the amount the Bank claimed was due. Upwards of $17,000 of the amount so paid was paid under protest. This resulted in a complete redemption from the foreclosure sale and reinvested the full title to the real estate in appellant, free from any claim on the part of the Bank.

■ Right of redemption is a property right subject to administration in a proceeding under Section 75.[4]

[1] Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 108 F.2d 832; Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 113 F.2d 215; Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 131 F.2d 950; Paradise Land & Livestock Co. v. Federal Land Bank, 10 Cir., 140 F.2d 102.

[2] Herein referred to as the Bank.

[3] 12 U.S.C.A. § 771(12).

[4] Wright v. Union Central Ins. Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490; Walker v. Detwiler, 6 Cir., 110 F.2d 154.

The only matter in controversy here was the right of appellant to redeem. It asked the court to determine the amount due the. Bank so that it could make redemption by paying such amount. While this matter was pending, appellant redeemed by paying directly to the Bank the full amount it claimed. This completely extinguished the right of redemption, reinvested the title to the property in appellant, and left nothing for the court to administer with regard thereto.

When in the course of a trial the matter in controversy comes to an end, either by the act of one or both of the parties, or by operation of law, the question becomes moot and the court is without further jurisdiction.[5]

When appellant paid directly to the Bank the amount that it claimed, it redeemed and thereby removed the right of redemption from administration in this proceeding. Thereafter any right it claimed to recover what it had paid under protest would have to be asserted in an independent action brought by it against the Bank. It follows that the questions we are asked to pass upon have become moot, and the appeal is therefore

Dismissed.

---

[5] United States v. Alaska S. S. Co., 253 U.S. 113, 40 S.Ct. 448, 64 L.Ed. 808;

Walling v. Shenandoah-Dives Mining Co., 10 Cir., 134 F.2d 395.