### WINSOR v. DAUMIT et al.
### No. 9993.

United States Court of Appeals,
Seventh Circuit.

Nov. 8, 1950.

James R. McKnight, Robert C. Comstock, Chicago, Ill., for appellant.

Casper William Ooms, George E. Frost, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

On December 15, 1948, plaintiff filed suit to recover from Harry G. Daumit and Katherine G. Daumit, doing business as Kay Daumit, certain moneys claimed to be due on a contract entered into on June 16, 1945, by Harry G. Daumit and plaintiff whereby Daumit, a member of and in behalf of the copartnership, agreed to pay plaintiff three per cent of his gross sales of cosmetics and other toilet aids, marketed under the name "Forever Amber." Defendants Harry G. Daumit, Katherine G. Daumit and Kathryn, Inc., having assumed the contractual obligation, answered, and Kathryn, Inc., filed a counterclaim wherein it sought a declaratory judgment that plaintiff's copyright of her book title "Forever Amber" does not give her the right to use as a trade-mark the words "Forever Amber," on perfume and cosmetics; that Kathryn, Inc., is the true and lawful owner of the mark for all such purposes and that plaintiff's copyright registration is invalid. The court granted a motion to dismiss this counterclaim, whereupon defendant appealed to this court. We dismissed the appeal because the order was not appealable. Winsor v. Daumit, 7 Cir., 179 F.2d 475. Thereafter the District Court, in compliance with our suggestion, entered an appealable order and this appeal followed.

The contract recited that Winsor, author of the book "Forever Amber," had not theretofore authorized anyone to use her name, Kathleen Winsor or the words "Forever Amber" as a trade-name, trade-mark or otherwise in connection with the sales of perfume or cosmetics; that Daumit was engaged in making and selling perfume, cosmetics and other toilet articles under that

trade-name; that Winsor acceded to Daumit's use of the words in advertising, marketing and selling his products, expressly assented to his adoption of the words "Forever Amber" as a trade-mark for his products, and agreed that the mark, as applied to cosmetics, should be his sole property. Winsor also gave Daumit the right to use her name, Kathleen Winsor, in advertising, marketing and promoting sales of toiletries, provided the advertising should not be "incompatible with her dignity and literary repute" and provided further that she should approve the minimum sales prices. She agreed to apply her "best efforts and abilities" toward promotion of the sales, to refrain from becoming affiliated in any manner with any one else engaged in production and sale of such articles, provided she should not be required to supply more than three weeks annually to such activity and provided further such period did not otherwise conflict or interfere with her other engagements and that the time given by her should not exceed two hours on any day or five days in any week. She was not to do any selling herself, or travel more than 250 miles from one city to another, or, in her appearances, have any connection with any advertising not conducted "in a dignified manner" or in a manner offensive to a person in her station in life.

In her complaint plaintiff averred the making of the contract, the payment of commissions thereunder from March 1, 1946, to January 31, 1948, and defendants' failure to pay thereafter. She alleged that she had complied with the obligations imposed upon her by the agreement and that defendant, Kathryn, Inc., having assumed the rights and liabilities of the copartnership, was liable for breach of contract and for all sums which had accrued since default had occurred. Thus it is apparent that plaintiff sued for breach of contract, that she averred performance of her obligations under the contract, namely: the use of her name and personal services in connection with the sale of the goods, and demanded payment. The complaint included no averment that defendants had infringed any copyright or trade-mark belonging to plaintiff but asserted only that they had broken the contract.

The court held that the counterclaim, which sought a declaratory judgment of invalidity of plaintiff's copyright "Forever Amber," as applied to cosmetics, failed to state a valid claim. Kathryn, Inc., defendant and counterclaimant, urges here that it did set forth a valid cause of action, that a justiciable controversy did exist and that it was not estopped by the contract.

The Declaratory Judgments Act, 28 U.S.C.A. § 2201, limits the jurisdiction of the United States courts to enter declaratory judgments to cases of actual controversy in the following words: "In a case of actual controversy within its jurisdiction * * * any court of the United States * * * may declare the rights and other legal relations of any interested party seeking such declaration * * *." Obviously such legislative limitation was necessary in order to satisfy the requirements of Article III of Section 2 of the Constitution which limits the jurisdiction of courts to "cases" and "controversies." Thus, in Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 463, 81 L.Ed. 617, the court said: "The Constitution (article 3, § 2) limits the exercise of the judicial power to 'cases' and 'controversies' * * * The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision and is operative only in respect to controversies which are such in the constitutional sense. * * * A 'controversy' in this sense must be one that is appropriate for judicial determination. Osborn v. Bank of United States, 9 Wheat. 738, 819, 6 L.Ed. 204. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. United States v. Alaska S. S. Co., 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests * * * (citing cases) * * * It must be a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a

44

hypothetical state of facts * * * (citing cases) * * *."

 Following this reasoning, it is apparent that an actual controversy does not exist until the one opposed makes some claim that the thing upon which the other relies is invalid. The complaint here seeks only to recover damages for breach of a contract which discloses a good consideration for defendants' agreement to pay commissions upon sales. The essence of the agreement is that plaintiff will not object but will assent to defendants' use of their trade-mark; that she will allow the use of her name in connection therewith in the promotion and sale of toilet aricles; that she will, in addition, render certain personal services on her part in promotion of sales and that, for this agreement upon her part, she will receive the compensation mentioned in the contract. In her complaint she makes no claim that her copyright of the book "Forever Amber" is being infringed or that she has any trade-marks which are being infringed. She merely says that she and Daumit agreed upon certain matters, she not to object to his use of "Forever Amber", to render certain personal services and to allow use of her name in aiding him in his promotion and sale and he to compensate her for doing so. Thus it is clear that in the counterclaim, counterclaimant prayed an injunction against claims which she has never asserted and, so far as this record discloses, never will assert. The counterclaim demands a declaration that the defendant has the right to use the words "Forever Amber." This, plaintiff does not deny; clearly there is no "actual controversy."

Appellant contends that plaintiff's bill of particulars shows a claim of trade-mark by her. We think this a misinterpretation. Therein, plaintiff, having been asked whether she charged defendants with copyright infringement, replied that she did not, that her action was merely for breach of contract, that whatever her rights were, whether statutory or non-statutory, in the name "Forever Amber," and the reputation built up about the character "Amber" as a consequence of her efforts, they were not involved in the case, for she was charging merely breach of contract. At the same time, she asserted that she was not charging defendants with any trade-mark infringement.

It is perfectly clear that plaintiff's suit seeks to recover compensation due her from defendants for performance of her covenants for cooperation in sales of toilet articles. If upon trial defendants should prevail, upon the present record, she would have no right of action against defendants on any other basis. Inasmuch as she has made no charge of copyright or trade-mark infringement but has sued to recover for breach of contract, no controversy whatsoever between the parties is presented as to any trade-mark or any copyright. We think the case lies clearly within the doctrine announced in Tuthill v. Wilsey, 7 Cir., 182 F.2d 1006, decided by this court June 21, 1950.

The judgment is affirmed.