**HATCHETT**

v.

**GOVERNMENT OF GUAM.**

No. 13803.

United States Court of Appeals, Ninth Circuit.

March 30, 1954.

Rehearing Denied April 29, 1954.

768

E. R. Crain, Finton J. Phelan, Agana, Guam, Thomas Jenkins, San Francisco, Cal., for appellant.

Howard D. Porter, Atty. Gen., Robert D. Scott, Asst. Atty. Gen., Leon D. Flores, Island Atty., Agana, Guam, John

A. Bohn, San Francisco, Cal., for appellee.

Before DENMAN, HEALY and POPE, Circuit Judges.

POPE, Circuit Judge.

Hatchett was found guilty of three offenses, one of which was the crime of involuntary manslaughter as defined in § 192 of the Penal Code of Guam. On conviction of that offense he was sentenced to imprisonment for a period of one year and one day. Two lesser terms to run concurrently were imposed on account of his conviction of the other two offenses for which he was tried at the same time. Upon this appeal from the judgment of conviction appellant contends that the judgment should be reversed for the reason that he was not afforded a trial by jury in the court below.

The record before us shows that this point was raised by the appellant for the first time in this court. The record in the District Court of Guam fails to disclose any request or demand by the defendant for trial by jury, nor does it disclose any objection to proceeding to trial in the absence of a jury. The record shows that at the appointed time the defendant appeared with his counsel, the case against him was called for trial, his counsel announced that defendant was ready, an opening statement was made on behalf of the prosecution, and witnesses were called and examined, all without any reference to the question of the absence of a jury.

Notwithstanding this state of the record, we are of the view that if the appellant was entitled under the applicable law to a jury trial, the failure to afford him one would constitute a plain error which we might notice notwithstanding the failure of defendant to bring the question to the attention of the court below.[1] Rule 52(b) of the Rules of Criminal Procedure, 18 U.S. C.A., which, as we shall shortly notice, are made applicable to the District Court of Guam, authorizes us thus to notice errors which in our own opinion are plain and which affect the substantial rights of an accused in a criminal case. Such has long been the practice of this court in respect to appeals from criminal convictions. Karrell v. United States, 181 F.2d 981, 986; Morris v. United States, 156 F.2d 525, 527.

We proceed then to a consideration of the merits of appellant's contention that he should have been tried by jury. He asserts that he was entitled to such trial because of the provision of the Sixth Amendment to the Constitution which requires trial by jury in all criminal prosecutions. In Pugh v. United States, 212 F.2d 761, we had occasion, in dealing with the want of an indictment, to point out that the questions there in issue, namely the effect of want of indictment by grand jury and of trial by jury, raised no constitutional question for the reason that Guam was declared an unincorporated territory of the United States. Therefore appellant's contentions based on the Sixth Amendment cannot be sustained. Balzac v. Porto Rico, 258 U.S. 298, 304, 42 S.Ct. 343, 66 L.Ed. 627.

Appellant argues that Rule 23(a) of the Rules of Criminal Procedure, which, by § 22(b) of the Organic Act, 48 U.S. C.A. § 1424(b), were made applicable to the District Court of Guam, entitled him to a trial by jury. Rule 23(a), thus incorporated by reference into § 22(b) of the Organic Act, is the only provision expressly dealing with jury trials in Guam. It reads: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government." We inquire: what are the "cases required to be tried by jury"? The only source of such a requirement must be either (a)

---

1. No question of waiver of jury trial arises, for if trial by jury had been required, under Criminal Rule 23(a), hereafter cited, such waiver must be in writing.

the Constitution, or (b), some act of Congress, or (c), some act of the Guam legislature. Acts of Congress which could be interpreted as requiring certain cases to be tried by jury are § 3432 of Title 18, which by inference may require a person charged with treason or other capital offense to be tried by jury since it contemplates furnishing them with a list of the veniremen, and §§ 3691 and 3692 of the same Title providing for jury trial of certain charges of contempt. Hatchett is not charged with an offense within any of these sections. Nor is there any law of the local legislature upon this subject. And, as we have pointed out, there is no constitutional provision requiring a case of this kind, when tried in the Island of Guam, to be tried by jury.

In this connection we note the possibility of an argument based upon the fact that § 22(b) provides but a single system of procedure for all criminal prosecutions in the District Court of Guam. Whether the crime be one, as here, arising under the local Criminal Code, or one arising under the laws of the United States,[2] the procedure is that prescribed in the Rules of Criminal Procedure. Then, it has been suggested, since trial by jury is required in those cases involving crimes against the United States, we must deduce a congressional intent to require a jury trial in this case.

Such an argument must fail for its premise is without validity. Unquestionably it is provided that but a single system of procedure is to be followed in respect to both types of cases in the District Court of Guam. Congress has frequently provided for the territories courts having a dual jurisdiction. Characteristic of such arrangements has been provision that procedure should be the same, whether the actions therein were those arising under the laws of the United States, or otherwise, and whether the criminal prosecutions were for offenses against the local laws or for those against the laws of the United States.[3]

But the assumption that the prosecutions in the District Court of Guam for offenses arising under laws of the United States are "required to be tried by jury" is without foundation. The argument in support of such an assumption is that § 22(a) of the Organic Act,[4] in providing that the court "shall

---

2. As, for example, the one in the Pugh case, supra.

3. *Most recent illustration is the Act of* July 18, 1949, C. 343, 63 Stat. 445, 48 U.S.C.A. § 103a, making the Rules of Civil Procedure applicable in cases of a civil nature in the district court for the Territory of Alaska, without distinction as to whether the actions arise under laws of the United States, or under local laws. In Summers v. United States, 231 U.S. 92, 34 S.Ct. 38, 58 L.Ed. 137, the court reversed a decision of this court which had held that the grant of a dual jurisdiction to the Alaska court had resulted in the existence of a different procedure in the prosecution of crimes arising out of violations of general acts of Congress from that in the prosecution of crimes defined in the Alaskan Criminal Code. Holding that the existence of such a dual procedure would be "undesirable", and had not been intended, the court, 231 U.S. at pages 101–102, 34 S.Ct. at pages 40–41, listed a number of its earlier decisions illustrative of the practice of Con-

gress to provide a single uniform procedure in territories where the courts had similar dual jurisdiction. In addition to those there cited reference may be made to Ex parte Crow Dog, 109 U.S. 556, 560, 3 S.Ct. 396, 27 L.Ed. 1030; United States v. Pridgeon, 153 U.S. 48, 58, 14 S.Ct. 746, 38 L.Ed. 631; In re Terrill, 8 Cir., 144 F. 616, 619; Hornbuckle v. Toombs, 18 Wall. 648, 21 L.Ed. 966; United States v. Bisel, 8 Mont. 20, 19 P. 251.

4. "§ 1424. District Court of Guam; jurisdiction; rules of procedure

"(a) There is created a court of record to be designated the 'District Court of Guam', and the judicial authority of Guam shall be vested in the District Court of Guam and in such court or courts as may have been or may hereafter be established by the laws of Guam. The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in

have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States", is an express requirement of trial by jury. It is argued that since a district court of the United States could not have "jurisdiction" to try such a case without jury trial, or waiver thereof, the reference in § 22(a) to "jurisdiction" was intended to impose a similar requirement on the Guam court. This is the same argument referred to in the Pugh case, supra, and which we there rejected, holding, as we do, that the reference to "jurisdiction" means jurisdiction of the subject matter. Since there is thus no requirement of a trial by jury in such prosecutions for offenses under the laws of the United States, it cannot be argued that the fact of a uniform procedural requirement for criminal prosecutions in the District Court of Guam calls for jury trials in cases of the character of that charged to this appellant.

The committee which framed this legislation was aware of the fact that it had provided a single system of procedure governing all criminal cases in the District Court of Guam. In the analysis of the bill its Senate Report No. 2109 of July 20, 1950, U.S.Code Cong.Serv. 1950, p. 2854, said: "Section 5: Provides for a bill of rights granting the Guamanians protection against infringement of personal freedom. The bill of rights is modeled upon the Bill of Rights in the United States Constitution but does not expressly provide for trial by jury in Guam. Since Guamanians derive their tradition in law from Spain, a civil-law nation, they have little knowledge or experience in trial by jury. The Guam Congress could institute trial by jury if it so desired."

We find no justification here for an attempt to construe Rule 23(a), as applied to the District Court of Guam, as meaning that cases such as this *must* be tried by jury. It says no such thing. In legislating with respect to other territories, as in the case of Porto Rico, and the Virgin Islands, Congress was not at a loss for appropriate words to express its requirement of jury trials.[5] The absence of any such express requirement as to Guam was plainly purposeful.

During the oral argument there was discussion of the question whether the people of Guam were, or were not adapted, by education or experience, to the workings of the jury system. We have noted what was said on this subject in the committee report on the bill which became the Organic Act. We consider the question whether jury trials should be required there not to be one for our determination.

▮ Therefore we hold that appellant's contention with respect to his asserted right to trial by jury may not be sustained.

▮ The only other particular in which appellant has specified error relates to his claim that the finding of guilt was clearly erroneous. His argument is based upon his claim that numerous discrepancies in the testimony of witnesses for the prosecution disclose that the evidence was insufficient to con-

---

section 451 of Title 28, and shall have original jurisdiction in all other causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it, and shall have such appellate jurisdiction as the legislature may determine. The jurisdiction of and the procedure in the courts of Guam other than the District Court of Guam shall be prescribed by the laws of Guam."

5. Thus the Act of April 12, 1900, 31 Stat. 77, known as the Foraker Act, which was construed in the case of Crowley v. United States, 194 U.S. 461, 467, 24 S.Ct. 731, 733, 48 L.Ed. 1075, provided that the District Court of the United States for Porto Rico should have jurisdiction "in all cases cognizant in the circuit courts of the United States and *shall proceed therein in the same manner as a circuit court.*" (Emphasis supplied.) Again, for Porto Rico, express provision was made in the Act of March 2, 1917, 39 Stat. 966 (now Title 48, § 867). For the Virgin Islands, jury trial was provided "In any criminal case originating in said district court" upon demand of either party, by § 1406c of Title 48.

vict. Our examination of the record fails to disclose any support for this contention.

 Notwithstanding we have thus found no merit in any specification of error made by appellant upon this appeal, the question remains whether, in view of the fact that Hatchett was prosecuted upon an information only, we should, notwithstanding no question was raised either here or in the court below with respect to the absence of an indictment, notice such absence as a plain error. Since one of the offenses of which Hatchett was convicted was punishable by imprisonment for a term exceeding one year, Criminal Rule 7(a) would require an indictment. Pugh v. United States, supra. The record shows there was no waiver in the manner specified in Rule 7(b). We think we should notice this failure to proceed by indictment as a plain error, under Rule 52(b), notwithstanding it was not brought to the attention of the court.

Therefore, the judgment upon the first charge, that is, adjudging appellant guilty of involuntary manslaughter, is reversed.

 The other two charges upon which Hatchett was convicted, were for violations of the Guam Vehicle Code.[6] The maximum imprisonment for either was six months. As they were misdemeanors, the court should have transferred the proceeding, as it concerned these charges, to the Island Court for determination. Public Law 17—First Guam Legislature, §§ 62, 82. The judgment as to those charges is reversed and the proceeding remanded with directions to transfer the proceeding to the Island Court.

DENMAN, Chief Judge (concurring and dissenting).

I concur in the court's *sua sponte* holding that the population of Guam is able to supply grand jurors to return an indictment and in the dismissal of the information for want of jurisdiction of the case in the absence of such grand jurors so acting. I also concur in the decision that the Guam district court should exercise its jurisdiction in the same way for violations of felonies created by the Guam legislature as for violations of federal felonies.

I dissent (A) from the court's illegal act, in violation of the constitutional limitation of its authority, in giving an advisory opinion that the Guam district court has the jurisdiction to convict an accused man, indicted by Guam grand jurors, without a trial by Guam petit jurors, in a case in which this court holds the district court is without jurisdiction; though, strangely, it does not make the necessary order that the information be dismissed as to the felony charge as it does in the case of Pugh v. United States; and

(B) Since it is the law of this case that the court has such power, I dissent from the court's advisory opinion and on grounding its decision both as to the right to indictment and jury trial on an interpretation of the rules of criminal procedure instead of 48 U.S.C.A. § 1424 (a) expressly conferring on the Guam district court the same jurisdiction as in the district courts of the continental United States, with their lack of jurisdiction in felony cases (1) to consider them without indictment unless waived or (2) to render judgment without jury trial, unless waived.

A. *The Court of Appeals violates the Constitution in giving an advisory opinion on the right to trial by jury in the Guam district court, an issue not before it.*

This is an extraordinary decision. It decides first, as it must, that the instant case must be dismissed since the district court had no jurisdiction at all to con-

---

6. The information referred to Motor Vehicle Code of Guam, §§ 120(a) and 18(c). These sections, prior to the alleged offenses, had been re-enacted as § 23405, Government Code of Guam, (driving while under the influence of intoxicating liquor), and § 23115, Government Code.

sider the crime charged because there is no indictment charging Hatchett with committing it. *The court then proceeds to create itself as an advisory body on the construction of criminal law of Guam* and gives an opinion to the effect that Congress, having found that the population of Guam could supply grand jurors, nevertheless concluded it could not supply petit jurors and denied those accused of felonies the right of trial by jury.

Here Hatchett may never be indicted for the felony of involuntary manslaughter. A grand jury well could determine that he had done no more than that he operated a vehicle under the influence of liquor, a misdemeanor, and that he was operating one at an excessive speed, also a misdemeanor. That is to say, the issue of the right to jury trial which has not arisen in this case may never arise between the two parties, Guam and Hatchett.

In holding that this court has such a right to render an advisory opinion, Judge Pope's opinion is in direct conflict with his recent opinion in Benz v. Compania Naviera Hidalgo, S. A., 9 Cir., 205 F.2d 944, 946, and with Waialua Agr. Co. v. Maneja, 9 Cir., 178 F.2d 603, 613,[1] participated in by the concurring member of the court. These judges are described as showing a confusion of mind in contradictory opinions in this circuit, one of the several grounds upon which certiorari should be sought in such an important question of federal law in conflict with applicable decisions of this and the Supreme Court.

In the Benz case the court held [205 F.2d 946]:

"We are of the opinion that as respects the interlocutory injunctions here involved, such injunctions and these appeals have become moot and that therefore we have no right or occasion to pass upon the merits of these appeals. * * *"

citing the following from California v. San Pablo & Tulare R. R., 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747:

"The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property which are actually controverted in the particular case before it. When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions. But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it."

In the Waialua case, the court refused to give an advisory opinion on a certain stipulated contention because the record below failed to show that the contention was at issue on the pleadings. It returned the case to the trial court, stating, 178 F.2d at page 613,

"The Trial Court should then consider as to whether there is any real adverse interest between the parties who are actually conducting the litigation. For in the absence of real controversy between the actual parties, the stipulation, which practically dictates the judgment, ren-

1. Seven other circuits agree.
 (1) (D.C. Cir.) Acheson v. Droesse, 90 U.S.App.D.C. 143, 197 F.2d 574, 576–577;
 (2) Cover v. Schwartz, 2 Cir., 133 F.2d 541, 546–547, certiorari denied 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703;
 (3) Root Refining Co. v. Universal Oil Products Co., 3 Cir., 169 F.2d 514, 521, certiorari denied Universal Oil Products Co. v. William Whitman Co., Inc. 335 U. S. 912, 69 S.Ct. 481, 93 L.Ed. 444;

 (6) O'Brien v. Fackenthal, 6 Cir., 284 F. 850;
 (7) Winsor v. Daumit, 7 Cir., 185 F.2d 41, 43–44;
 (8) Chicago Great Western Ry. Co. v. Beecher, 8 Cir., 150 F.2d 394, 398, certiorari denied 326 U.S. 781, 66 S.Ct. 339, 90 L.Ed. 473;
 (10) Paradise Land & Livestock Co. v. Federal Land Bank of Berkeley, 10 Cir., 147 F.2d 594, 596, certiorari denied 326 U.S. 717, 66 S.Ct. 21, 90 L.Ed. 424.

ders the case moot. The Court should consider that there is no power to render opinions merely advisory [18] or to decide moot questions [19] or to set precedent for future litigation [20]. * * *"

Footnote 18 refers to St. Pierre v. United States, 319 U.S. 41, 42, 63 S.Ct. 910, 87 L.Ed. 1199. Footnote 19 refers to United States (Interstate Commerce Commission) v. Alaska Steamship Co., 253 U.S. 113, 115, 40 S.Ct. 448, 64 L.Ed. 808. Footnote 20 refers to United States v. Hamburg-Amerikanische Packet Fahrt-Actien Gesellschaft, 239 U.S. 466, 475–477, 36 S.Ct. 212, 60 L.Ed. 387. Each of the Supreme Court cases supports the quoted text of the opinion.

As early as the case of United States v. Ferreira, 13 How. 40, 52, at page 53, 14 L.Ed. 42, the Supreme Court held that the exercise of such power by a constitutional court violates the Constitution. Recently, the Supreme Court in dismissing the case of St. Pierre v. United States, 319 U.S. 41, at page 42, 63 S.Ct. 910, at page 911, succinctly states the law as follows:

"* * * A federal court is *without power* to decide moot questions or to give *advisory opinions* which cannot affect the rights of the litigants *in the case before it.* * *" (Emphasis supplied.)

The question of Hatchett's rights of trial by jury cannot be construed by this court because not in a case before it.

(B) *The express provision of 48 U. S.C.A. 1424(a), the only section on jurisdiction in the Enabling Act of Guam, gives to its district court the same jurisdiction as the district courts of the United States, which is limited in the prosecution of those accused of felonies, not waiving their rights, to those indicted by grand juries and in their conviction to those tried by petit jurors.*

The court's opinion leads to the following absurd results. It states that though Congress gave Guam a bill of rights which does not mention the right of indictment by grand juries, the bill does not limit the jurisdiction of the district court, Congress having given that right to persons accused of felonies in its district courts. It gave to the Guam legislature the power to create jury trial for felonies in the other territorial courts. Yet it denied to those indicted for felonies by grand jurors in the district court the right to trial by petit jurors.

That is to say, Congress intended that one of the 15,000 military personnel indicted in a *territorial* court for second degree murder of a civilian while off a reservation, could be tried and sentenced to life imprisonment only by a jury, while in the *district court* one indicted for such murder is to be tried and sentenced for life without trial by jury!

This absurdity arises from determining the jurisdiction of the district court from a wrongful interpretation of the criminal rules instead of the express terms of the jurisdictional section 48 U. S.C.A. § 1424(a), which the rules merely implement.

All the court's discussion of the obvious fact that the Constitution does not follow the flag in Guam is way by the mark. The contention was not seriously urged at the hearing. The single issue before us is, *has Congress created in the Guam district court* by the express language of 48 U.S.C.A. § 1424(a) the constitutional limitation of jurisdiction to entertain the prosecution of persons accused of felonies only by indictment, unless waived, and to convict them by jury trial unless waived, as in the district courts of the United States and as it has created such limited jurisdiction in the district courts of Puerto Rico and the Virgin Islands.

The pertinent portions of 48 U.S.C.A. § 1424(a) and 28 U.S.C. § 451 to which the former refers, *expressly* confer on the Guam district court the same jurisdiction as that of a continental district court of the United States in such a case as this of a federal felony. They are:

"The District Court of Guam shall have, in all cases arising under the

laws of the United States, the jurisdiction of a *district court of the United States* as such court is defined in section 451 of Title 28 * * *." (Emphasis supplied.)

"§ 451. Definitions

"As used in this title:

"The term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, *district courts constituted by chapter 5 of this title,* including the district courts of the United States for the districts of Hawaii and Puerto Rico * * *." (Emphasis supplied.)

As early as Ex parte Wilson, 114 U.S. 417, at page 429, 5 S.Ct. 935, at page 941, 29 L.Ed. 89, it was held that to proceed to try an accused for felony without an indictment was without the *"jurisdiction"* of district courts of the United States, stating:

"Deciding nothing beyond what is required by the facts of the case before us, our judgment is that a crime punishable by imprisonment for a term of years at hard labor is an infamous crime, within the meaning of the fifth amendment of the constitution; and that the district court, in holding the petitioner to answer for such a crime, and sentencing him to such imprisonment, without indictment or presentment by a grand jury, *exceeded its jurisdiction,* and he is therefore entitled to be discharged."

Two years later in Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 788, 30 L.Ed. 849, where Bain was convicted on an indictment found invalid because amended by the court, it was held that *"jurisdiction* of the offense [a felony] is gone" because the case was not "properly presented by indictment." Cf. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 24, 63 S.Ct. 938, 87 L.Ed. 1185.

So also it is a question of jurisdiction whether a judgment of conviction can be had in a prosecution of an indictment, if there is a "failure to complete the court" by a jury. In Johnson v. Zerbst, 304 U.S. 458, 468–469, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, the Court, in speaking of the right to counsel guaranteed by the Sixth Amendment, stated: "A court's *jurisdiction* at the beginning of trial may be lost 'in the course of the proceedings' *due to failure to complete the court*—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake."

Likewise in Callan v. Wilson, 127 U.S. 540, 8 S.Ct. 1301, 1307, 32 L.Ed. 223, the Supreme Court stated:

"Except in that class or grade of offenses called 'petty offenses,' which, according to the common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guaranty of an impartial jury to the accused in a criminal prosecution, conducted either in the name or by or under the authority of the United States, secures to him the right to enjoy that mode of trial from the first moment, and in whatever court, he is put on trial for the offense charged. *In such cases, a judgment of conviction, not based upon a verdict of guilty by a jury, is void."* (Emphasis supplied.)

Congress further indicated that it conferred on the Guam district court, having jurisdiction of federal felonies, the same jurisdictional requirement of indictment by grand juries and trial by petit juries as in the continental courts, by applying to Guam 18 U.S.C., the Federal Code of Crimes and Criminal Procedure. With regard to juries that code provides for the acceptance and solicitation of a bribe in section 208 and for the offer of one in 206. Section 243 makes provision for exclusion of jurors on account of color. Section 1503 makes intimidation of jurors a crime. Section 5033 provides for the waiver of jury trial by juvenile delinquents. Section 3692 requires juries in contempt cases

of labor disputes and section 3691 in criminal contempt of court. Section 3432 requires in capital cases a copy of the indictment and a list of veniremen shall be furnished the accused. Section 3321 provides for the number of grand jurors and method of summoning them. Sections 3288 and 3289 provide for reindictment where a defective indictment was found before and after the expiration of the period of limitation.

The court's opinion makes the same wrongful perversion of this jurisdictional provision of 1424(a) as in its opinion in Pugh v. United States, 9 Cir., 212 F.2d 764. There the court's opinion quotes the pertinent sentence of § 1424 (a): "The District Court of Guam shall have, in all causes arising under the laws of the United States, the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28," and states "we think the use of the word 'jurisdiction' in the language just quoted has no such connotation here [as it does for the district courts of the United States]. Plainly this refers to the jurisdiction of the *subject matter*. It states *what cases the court may try*." (Emphasis supplied.)

That is to say, the court would amend this sentence of § 1424(a) by deleting the significant comma after the word "have" and inserting the word "jurisdiction" before the words " 'in all causes arising under the laws of the United States' " and, after deleting the second comma, by striking out all the succeeding words " 'the jurisdiction of a district court of the United States as such court is defined in section 451 of Title 28' ".

After such legerdemain so mauling the statute, the sentence would read:

"The District Court of Guam shall have [jurisdiction] in all cases arising under the laws of the United States, ~~the jurisdiction of a district court of the United States as such court is defined.~~"

Such an absurdity of statutory construction obviously violates the elementary principle that the words of a statute shall be construed to give them effect and not to make them nugatory. As stated by the Supreme Court in Washington Market Co. v. Hoffman, 101 U.S. 112, 115, 116, 25 L.Ed. 782, "We are not at liberty to construe any statute so as to deny effect to any part of its language. It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every word. As early as in Bacon's Abridgment, sect. 2, it was said that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.' " The same statement is repeated in Ex parte Public Nat. Bank of New York, 278 U.S. 101, 104, 49 S.Ct. 43, 73 L.Ed. 202.

The only construction of the sentence which gives effect to the jurisdictional provision of 48 U.S.C.A. § 1424(a) is that the District Court of Guam has the same jurisdiction with respect to grand and petit juries as the district courts of the United States in all causes arising under the laws of the United States. Indeed, this is so clear from the text that we have no reason to consider the Committee reports, for, as stated in Helvering v. City Bank Farmers Trust Co., 296 U.S. 85, 89, 56 S.Ct. 70, 72, 80 L.Ed. 62:

"We are not at liberty to construe language so plain as to need no construction, or to refer to committee reports where there can be no doubt of the meaning of the words used."

Also, in Browder v. United States, 312 U.S. 335, 338, 61 S.Ct. 599, 601, 85 L.Ed. 862, the Court said:

"The plain meaning of the words of the act covers this use. No single argument has more weight in statutory interpretation than this."

However, when we examine the Senate report on the bill creating the District Court of Guam, we find its purpose was to give the litigants in that court the same "rights" of "American law and legal procedure" as they have in the United States District Court for the Northern District of California. That is

to say, that court could obtain its jurisdiction to prosecute one accused of a felony only by indictment, unless waived, and to convict him by jury trial unless waived.

In the original draft of the Organic Act (see H.R. 7273, 81st Cong., 2d Sess., as introduced on Feb. 13, 1950), no provision was made for a district court. Instead, Section 22 vested the judicial authority of Guam in one supreme court and in such inferior courts as may be established under the laws of Guam. The problem of enforcement of the laws of the United States, as opposed to the laws of Guam, was taken care of in Sec. 24 of the proposed bill by extending the jurisdiction of the United States District Court for the Northern District of California to include Guam, and providing for special terms of that court to be held in Guam.

Later the bill was amended to establish a district court in Guam. The reason for this change is given on page 4 of Senate Report No. 2109, cited supra:

"Given a period of peace, the growth of Guam as a transportation and commercial center for American interests in the Far East seems almost a foregone conclusion. American business enterprise in the area will want, and need, a center in which it can have the *full protection of American laws and legal procedure.* Formerly this need was supplied by the United States Court for China which had its headquarters in Shanghai, but that court was abolished by the treaty with China ending extraterritoriality. The nearest American court to far eastern economic centers is that in Hawaii, which is 12 or more hours away from Guam by air. If Guam is to afford American business enterprise the protection and stability needed, a court in Guam which will have on-the-spot jurisdiction in matters involving admiralty and business reorganization is clearly indicated." (Emphasis added.)

We thus see that the considered alternative for Guam of the United States Court for the Northern District of California was the United States District Court of Hawaii where, again, jurisdiction of a felony could be obtained only by indictment and conviction after jury trial unless both were waived.

It is significant that the court's opinion ignores this legislative history though vigorously pressed on it in Hatchett's briefs and at the hearing.

Since the Guam district court had jurisdiction requiring jury trials, Rule 23 (a) of the Federal Rules of Criminal Procedure should be applied to it as it is applied in the continental courts. It reads:

"Rule 23. Trial by Jury or by the Court

"(a) Trial by Jury. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

The cases not "required to be tried by jury" are those in which jury has been waived, those in proceedings for petty offenses before United States Commissioners under Crim. Rule 54(b)(4) and those in five other classes of cases stated in Crim. Rule 54(b)(5). In all other cases it is required.

We should take judicial notice of the following facts before Congress in enacting § 1424(a). Apart from the businessmen and the 15,000 military, the original inhabitants, the Guamanians, are capable of producing trial jurors as well as grand jurors.

Beginning in 1900 and continuing for the succeeding fifty-four years, save in the Japanese occupancy, they have been compelled by the military authorities to send their children to English-speaking schools from the age of 7 to 12. *They are people, excepting the few aged, speaking in English and literate in English* and taught in the schools the elements of American ideals. Since 1935 they have been governed by the common

law as developed in the California Civil and Criminal Codes, then made the law of Guam. It is clear that if they are not now able to supply jurors for the jury system, *they never will be.*

Contrast this with the conferring of the grand and petit juries on the Puerto Ricans in 1900 where, according to the 1929 edition of the Encyclopedia Britannica, page 263, "In 1899, out of a reported total but 15% could read or write. The total number in all schools at that time was 22,265, or about 2% of the population." Nevertheless, the Commission appointed by the President under 48 U.S.C.A. § 1421c(b) to determine the federal statutes applicable to Guam in 1950 which should remain applicable stated that Guam's status is comparable to that of Puerto Rico and the Virgin Islands," and "If the Congress has extended a statute to Puerto Rico and the Virgin Islands, the Commission considered that act to be presumptively appropriate for application to Guam."