**Robert PENNINGTON, Appellant,**

v.

**The GOVERNMENT OF GUAM,**
**Appellee.**

**No. 14121.**

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1955.

Duffy & O'Connor, Agana, Guam, Thomas M. Jenkins, San Francisco, Cal., for appellant.

Howard D. Porter, Atty. Gen., Leon D. Flores, Island Atty., Louis A. Otto, Jr., Deputy Atty. Gen., Government of Guam, Agana, Guam, for appellee.

Before STEPHENS, HEALY and POPE, Circuit Judges.

PER CURIAM.

Appellant was convicted in the District Court of Guam of the commission of a criminal offense under § 286 of the Penal Code of Guam which was punishable by imprisonment for not less than one nor more than ten years. As in the case of Hatchett v. Government of Guam, 9 Cir., 212 F.2d 767, the prosecution was , based upon an information without any indictment by grand jury. At the trial appellant moved to dismiss the information on the ground that the court was without jurisdiction to try the case in that there was no indictment by grand jury.

Our decision in Hatchett v. Government of Guam, supra, as well as that in Pugh v. United States, 9 Cir., 212 F.2d 761, require that appellant's motion should have been sustained. And

for the reasons stated in Putty v. United States, 9 Cir., 220 F.2d 473, the attempted amendment of the Organic Act of Guam on August 27, 1954, 48 U.S.C.A. § 1421 et seq. (set out at length in that case) cannot operate retroactively to confer a jurisdiction which the trial court lacked when appellant was convicted on September 18, 1953.

The judgment is reversed.