GOVERNMENT OF GUAM, Appellee

v.

LAWRENCE L. CAROLAN, Appellant

Criminal No. 28-A

District Court of Guam

Appellate Division

January 3, 1963

*Counsel for Appellee:*     LEON D. FLORES, *Island Attorney;* JOHN
                            P. RAKER, *Deputy Island Attorney*

*Counsel for Appellant:*    DAVID M. SHAPIRO

Before SHRIVER, *Judge*, District Court of Guam; KIN-
NARE, *Associate Judge*, High Court of the Trust Ter-
ritory of .the Pacific Islands and PEREZ, *Chief Judge*,
Island Court of Guam

## PER CURIAM

### OPINION

On March 11, 1962 the defendant was driving a vehicle
on Marine Drive in Guam when it collided with a vehicle
coming from the opposite direction. As a result of the colli-
sion one person in the other car was killed and others seri-
ously injured. An information was filed in the Island Court
of Guam under date of March 14, 1962 charging him with
reckless driving causing bodily injuries in violation of Sec-
tion 23407 (b) of the Government Code of Guam. After the
passenger died the defendant was charged with involuntary
manslaughter in the District Court of Guam and was
acquitted in a trial to jury. He was then brought .to trial in
the Island Court on the reckless driving charge and there
convicted. He appealed and assigns numerous errors. We
agree with the government that these can be grouped into
three general headings, i.e., double jeopardy, sufficiency of
the evidence, and .failure to be bound by the testimony of
defendant's expert witnesses.

### Double Jeopardy

■ The District Court of Guam has no jurisdiction over
local misdemeanors. In *Hatchett v. The Government of
Guam*, 212 F.2d 767, defendant was charged with involun-
tary manslaughter and two misdemeanors. He was given
concurrent sentences on the misdemeanor convictions and
sentenced on the involuntary manslaughter conviction. The

Court of Appeals reversed for the failure to proceed by indictment in the felony charge. The Court then said:

The other two charges upon which Hatchett was convicted, were for violation of the Guam Vehicle Code. The maximum imprisonment for either was six months. As they were misdemeanors, the court should have transferred the proceedings, as it concerned these charges, to the Island Court for determination. Public Law 17—First Guam Legislature, Sec. 62, 82. The judgment as to these charges is reversed and the proceedings remanded with direction to transfer the proceedings to the Island Court.

■ The case of *People v. Herbert*, 58 P.2d 909, 6 C.2d 541 clearly holds:

A conviction of both said offenses (manslaughter and reckless driving) is not an impairment of the twice in jeopardy provision of the constitution, or a violation of the penal statute. They are not the same offenses nor is one . . . , necessarily included within the other.

The defendant was not subjected to double jeopardy.

### *Sufficiency of the Evidence*

■ The Court below found that the point of impact of the collision was about two feet within the lane of travel of the other car; that the defendant had crossed the center line in a no passing zone and that the defendant was clinically intoxicated, Tr. p. 177. All of these findings are amply supported by the evidence. It is not the function of an appellate court to weigh disputed evidence if there is evidence to support the findings of the trier of fact.

■ The evidence that the defendant was clinically intoxicated at the time of the accident is conclusive. Our attention is directed to the case of *Marte v. Government of Guam*, 115 F.Supp. 524 which was reversed in an opinion by the late Judge McLaughlin which pointed out that the examining doctor based his conclusion of intoxication on

105

the conduct of the accused without an examination. In the present case the accused had attended a stag brunch where he drank straight whiskey over a period of about four hours. When he was treated at the Naval Hospital for head injuries the doctor who treated him testified, Tr. pp. 56 and 57:

Q. What observation did you make concerning intoxication or lack of intoxication?

A. It was my opinion that in observing him over this period of time, smelling alcohol on his breath, from his manner of speech, his lack of coordination, his general behavior, that he was clinically intoxicated.

The crossing of the center line in a no passing zone was testified to by an employee of the government of Guam, Tr. p. 12, who testified that the defendant passed him while going 60 miles an hour and drove onto the opposite lane of travel where his car struck the other car.

The Court found that the point of impact was within the opposite lane of travel as testified to by the police investigators and other witnesses. There was ample testimony to support all of the Court's findings. The fact that contrary evidence was given by the defense witnesses does not affect the responsibility of the trier of fact to accept or reject evidence in arriving at his conclusion.

### Defendant's Expert Witnesses

The defendant offered no testimony by any person who saw the accident or who investigated it immediately thereafter. Witnesses for the defendant testified as alleged experts on the basis of their examination of photographs, subsequent examination of the wrecked cars and study of the accident site. Defense counsel attempted, through hypothetical questions, to develop the defendant's contention that the accident took place in the defendant's lane of travel

rather than the opposite lane. The defendant completely overlooked the fact that the Court was trying a reckless driving case, not a civil damage case. It can hardly be claimed that a clinically intoxicated driver, driving at an excessive speed and crossing a no passing line just prior to the impact was not guilty of reckless driving, regardless of whether there was or was not contributory negligence on the part of the driver of the other car. While the Court stated that it struck the testimony of these witnesses, it made it clear that it found such testimony of no assistance in determining the issue of reckless driving. Nor do we.

We cannot close this opinion without pointing out that the Court below had to contend with constant and unnecessary bickering between counsel, climaxed by the accusation of defense counsel that the defendant could not obtain a fair trial in the Island Court. It is to be regretted that a member of the Guam Bar so forgot himself as to impugn the integrity of the Court. The defense counsel is herewith reprimanded. Judgment below affirmed.