NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MATTHEW JAMES TREPTOW,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12092
Trial Court No. 3AN-13-10472 CR

O P I N I O N

No. 2576 — December 1, 2017

Appeal from the Superior Court, Third Judicial District, Anchorage, Michael L. Wolverton, Judge.

Appearances: J. Adam Bartlett, Anchorage, under contract with the Office of Public Advocacy, for the Appellant. Terisia K. Chleborad, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, Allard, Judge, and Suddock, Superior Court Judge.[*]

Judge MANNHEIMER.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

Matthew James Treptow appeals his conviction for felony driving under the influence.[1] Treptow's offense was classified as a felony because he had two prior convictions for DUI within the preceding ten years, one from Alaska and one from Arizona.

In this appeal, Treptow argues that his Arizona DUI conviction should not be counted because of a purported difference between Arizona law and Alaska law.

Under Arizona law, a person charged with a crime (felony or misdemeanor) is entitled to waive their right to a jury trial, but only with the consent of the government and the approval of the court.[2] Treptow acknowledges that Alaska law is the same with respect to defendants charged with felonies, but Treptow asserts that misdemeanor defendants in Alaska have an absolute right to demand a bench trial, even when the government and the court do not consent.

Based on this purported difference between Alaska law and Arizona law, Treptow argues that Arizona DUI convictions do not qualify as "prior convictions" for purposes of Alaska's felony DUI law.

For the reasons explained in this opinion, we conclude that Treptow's argument is based on a misreading of Alaska Criminal Rule 23(a). We hold that, under

---

[1]   AS 28.35.030(n).

[2]   At the time Treptow's case was litigated in the superior court, Arizona Criminal Rule 18.1(b) stated: "The defendant may waive the right to trial by jury with consent of the prosecution and the court. In a capital case, the defendant may also waive the right to have a jury determine aggravation or the penalty if the prosecution and the court concur."

Earlier this year, the Arizona Supreme Court amended the wording — but not the substance — of Criminal Rule 18.1(b). The rule now states, "The defendant may waive the right to trial by jury if the State and the court consent. If the State and the court agree, a defendant also may waive the right to have a jury determine aggravation or the penalty in a capital case."

Criminal Rule 23(a), a defendant's waiver of jury trial must be approved by both the government and the court, regardless of whether the defendant is being tried for a felony or a misdemeanor.

*The rule at issue:  Alaska Criminal Rule 23(a)*

Alaska Criminal Rule 23(a) states:

> (a) *Trial by Jury*.  Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial.  In felony cases, the waiver must be in writing with the approval of the court and the consent of the state.  In misdemeanor cases, the waiver may be in writing or made on the record in open court.

As can be seen, the second sentence of Rule 23(a) says that a felony defendant's waiver of jury trial is conditioned on three things:  (1) the waiver must be in writing; (2) the court must approve; and (3) the state must consent.

The third sentence of Rule 23(a) then says that, in misdemeanor cases, the waiver may either be in writing or made on the record in open court.

Because the third sentence of Rule 23(a) does not expressly reiterate the requirements of "approval of the court" and "consent of the state", Treptow interprets the rule as saying that these elements are not required in misdemeanor cases.  According to Treptow, Criminal Rule 23(a) gives misdemeanor defendants an absolute right to waive a jury and demand a bench trial, regardless of whether the court and the state consent.

But the third sentence of Rule 23(a) could reasonably be interpreted in a different light:  it could be read as simply relaxing the "writing" requirement that governs waivers of jury trial in felony cases — so that, in misdemeanor cases, jury waivers can be either written or oral.

To resolve this ambiguity, we have examined the legislative history of Alaska Criminal Rule 23(a). For the reasons we are about to explain, we conclude that when a defendant wishes to waive the right to a jury trial, Criminal Rule 23(a) requires the approval of the court and the consent of the government in all cases — both felonies and misdemeanors.

*The pre-statehood history of Alaska Criminal Rule 23(a)*

The history of Alaska Criminal Rule 23(a) begins in 1930, when the United States Supreme Court decided *Patton v. United States*, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

The issue addressed in *Patton* was whether, consistent with the Sixth Amendment's guarantee of jury trial, a criminal defendant could *ever* waive their right to have a jury decide their case. The underlying question (as framed by the Supreme Court) was whether the guarantee of jury trial should be viewed as a fundamental aspect of the form of government guaranteed by the federal constitution, or whether the guarantee of jury trial should be viewed as a personal right of a criminal defendant — a right that could be waived. [3]

At common law, a defendant was not allowed to waive a jury trial. [4] And in 1930, at the time of the *Patton* decision, there was still significant judicial authority holding that the right of jury trial could not be waived — on the ground that the jury was an essential aspect of a properly constituted criminal tribunal. [5] But in *Patton*,

_____

[3]     *Patton*, 281 U.S. at 293, 50 S.Ct. at 256.

[4]     *Id.*, 281 U.S. at 306, 50 S.Ct. at 261.

[5]     *See Low v. United States*, 169 F. 86, 92 (6th Cir. 1909), and *Dickinson v. United*
(continued...)

the Supreme Court rejected this view of the law and held that the right to jury trial was a right conferred on defendants, and that it could be waived. [6]

However, the Supreme Court declared that a defendant's right to waive a jury trial was not absolute. The Court cautioned that having a jury sit as the fact-finder in a criminal case is not simply a right of the defendant; it is also an important element of the criminal justice system itself. Thus, both the trial judge and the government should have to approve any waiver of jury trial offered by a defendant:

> Trial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses. ... [T]he value and appropriateness of jury trial have been established by long experience, and are not now to be denied. Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant. And the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Patton*, 281 U.S. at 312-13, 50 S.Ct. at 263.

---

[5]    (...continued)
*States*, 159 F. 801 (1st Cir. 1908) — both discussed in *Patton*, 281 U.S. at 294, 50 S.Ct. at 256.

[6]    *Patton*, 281 U.S. at 298, 50 S.Ct. at 258.

In 1944, based on the Supreme Court's decision in *Patton*, Congress enacted Federal Criminal Rule 23(a) — a rule based on the *Patton* decision.

Originally, Federal Criminal Rule 23(a) stated, "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."[7] Because Alaska was a federal territory at the time, Federal Criminal Rule 23(a) was the law that governed criminal trials in Alaska.

In its current version, Federal Criminal Rule 23(a) states:

(a) *Jury Trial.* If the defendant is entitled to a jury trial, the trial must be by jury unless:
(1) the defendant waives a jury trial in writing;
(2) the government consents; and
(3) the court approves.

*The post-statehood history of Alaska Criminal Rule 23(a)*

Alaska became a state in 1959, fifteen years after the promulgation of Federal Criminal Rule 23(a). In that year, our newly formed supreme court issued the initial version of Alaska's court rules. *See* Supreme Court Order No. 4 (effective October 4, 1959).

In its 1959 version, Alaska Criminal Rule 23(a) tracked the then-current wording of its federal counterpart:

(a) *Trial by Jury.* Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the state.

---

[7] Quoted in *Hatchett v. Government of Guam*, 212 F.2d 767, 777 (9th Cir. 1954).

The 1959 version of the Alaska Criminal Rules also contained a section ("Part X") that was titled "Procedures for the trial of cases before magistrates" — *i.e.*, procedures for the trial of misdemeanor cases in the district court.

The first rule in Part X of the Criminal Rules was Criminal Rule 59, "Applicability of Rules; Special Provisions". Criminal Rule 59 declared that the rules of criminal procedure codified in the regular Criminal Rules "shall apply to criminal actions in the district magistrate courts ... except as follows". Criminal Rule 59 then contained a series of subsections, each specifying how the procedures in district court criminal cases would differ from the normal procedures set forth in the regular Criminal Rules.

Subsection (d) of Criminal Rule 59 established a single departure from the regular Criminal Rules with respect to waivers of jury trial. That difference was that a defendant's waiver of jury trial could be made orally in district court cases:

> (d) *Trial by Jury; Waiver.* The manner of drawing juries shall be as provided by Section 68-6-8, [Alaska Compiled Laws Annotated] 1949. Waiver by the defendant of jury trial or agreement by the parties for trial by a jury of less than twelve need not be in writing, but shall be made in open court, and the magistrate shall make a proper notation thereof in the record of the proceedings.

To summarize the law set forth in Alaska's original 1959 court rules:

Criminal Rule 23(a) declared that a defendant's waiver of jury trial had to be in writing, and that the waiver required the government's consent and the court's approval.

Under the provisions of Criminal Rule 59, the jury waiver procedures set forth in Criminal Rule 23(a) governed the trial of misdemeanor cases in the district court

except as specified in Rule 59(d) — and Rule 59(d) only relaxed the requirement that the defendant's waiver had to be in writing.

Thus, under this original version of Alaska's Criminal Rules, the requirements of court approval and government consent governed *all* waivers of jury trial — *i.e.*, waivers in both felony and misdemeanor cases.

The Alaska Supreme Court later moved the provisions of Part X of the Criminal Rules into a separate set of rules — first, as the "Magistrate Criminal Rules", and later as the "District Court Criminal Rules". When that happened, the provisions that were originally contained in Criminal Rule 59 were moved to a new Rule 1 of the District Court Criminal Rules.

But the wording of the special misdemeanor rule remained essentially the same: District Court Criminal Rule 1 still codified the principle that the normal rules of criminal procedure would apply to misdemeanor cases in the district court unless some variation was specified in the district court rules. Until mid-2013, District Court Criminal Rule 1 declared:

> Wherever practicable[,] the Rules of Criminal Procedure shall apply to criminal actions within the jurisdiction of the district courts.

Thus, the jury waiver procedures specified in Criminal Rule 23(a) — including the requirements of court approval and government consent — governed criminal cases in the district court unless the District Court Criminal Rules specified some different procedure.

And, like the old Criminal Rule 59(d), District Court Criminal Rule 1(d) modified only the requirement that the defendant's waiver needed to be in writing:

(d) *Trial by Jury — Waiver.* The manner of drawing juries shall be as provided by AS 09.20.040 – 09.20.090. Waiver by the defendant of jury trial need not be in writing, but shall be made in open court, and the district judge or magistrate shall make a proper notation thereof in the record of the proceedings.

So again, under the Criminal Rules and the District Court Criminal Rules as they existed until mid-2013, Criminal Rule 23(a)'s requirements of court approval and government consent applied to waivers of jury trial in both felony and misdemeanor cases.

*The repeal of the District Court Criminal Rules, and the amalgamation of those rules into the regular Criminal Rules*

In late 2012, the Alaska Court Administration began drafting a proposal to abolish the District Court Criminal Rules. The court administration's plan had two parts.

The first part of the plan was to take all the special provisions of the District Court Rules that applied to the trials of non-criminal offenses ("violations" that carried no possibility of imprisonment) and move those provisions into a new group of "Minor Offense Rules".

The second part of the plan was to take all the provisions of the District Court Criminal Rules that applied to misdemeanor offenses and incorporate those provisions into the regular Criminal Rules.

To carry out this second part of the plan, members of the court administrative staff drafted a series of proposed rule changes. These proposals were circulated by memorandum in late December 2012.

In line with the goal of incorporating the various misdemeanor provisions of District Court Criminal Rule 1 into the regular Criminal Rules, the court administra-

tion proposed that the supreme court amend Criminal Rule 23(a) to its current form, so that the rule would cover both felony and misdemeanor cases. The administrative staff's proposed language is underlined:

> (a) *Trial by Jury*. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial. <u>In felony cases, the waiver must be</u> in writing with the approval of the court and the consent of the state. <u>In misdemeanor cases, the waiver may be in writing or made on the record in open court.</u>

*See* the memo, "Moving DCCrR 1 to Criminal Rules, Draft of 12-28-2012", at page 10 of 11. [8]

Contrary to Treptow's argument on appeal, this new language was not drafted to give misdemeanor defendants a new, absolute right to waive a jury without the approval of the court and the consent of the government. Just the opposite: the administrative staff was not trying to change the law at all. As part of their memo describing the proposed change to Criminal Rule 23(a), the administrative drafters included an "Explanation of Changes". That explanation reads:

> The changes in this rule clarify that felony waivers must still be in writing and that misdemeanor waivers may be in writing or made orally on the record as [currently] provided in [District Court Criminal Rule] 1(d).

*Ibid.*

---

[8]  This memo, as well as the Criminal Rules Committee minutes that we refer to in this opinion, are contained in the Court Rules Attorney's file on Criminal Rule 23. We have included the pertinent portions of these documents as attachments to this opinion. The full documents are available for inspection in the Anchorage administrative offices of the Alaska Court System.

The court administrative staff presented their proposed rule changes to the Alaska Supreme Court at the court's "rules conference" on March 15, 2013. [9] Normally, proposed changes to the Criminal Rules are examined and vetted by the supreme court's Criminal Rules Committee before the supreme court considers the changes. But in this instance, the court administrative staff presented their proposals directly to the supreme court, without vetting by the Criminal Rules Committee, because the staff believed that their proposals "[did] not change the substance of the existing rule provisions". [10]

At its March 2013 rules conference, the supreme court decided to move forward with the staff proposal to abolish the District Court Criminal Rules. The court approved a draft order to this effect (draft Supreme Court Order No. 1799). But "to make sure that [the court] was not missing anything", [11] the supreme court decided to have the Criminal Rules Committee review the proposed changes. [12]

The supreme court's draft order amending the Criminal Rules was presented to the Criminal Rules Committee at its May 2013 meeting. The list of proposed changes to the Criminal Rules was a last-minute addition to the Committee's agenda, and the Committee was informed that the supreme court wanted to move quickly. According to the Committee minutes, the Committee "made time for the discussion [of the proposed changes] in consideration of the [supreme] court's interest

---

[9]   *See* the minutes of the Criminal Rules Committee from May 6, 2013, page 1.

[10]   *Ibid.*

[11]   *Ibid.*

[12]   *Ibid.*

in taking final action on this proposal before the publication deadline for the [next edition of the] rule book."[13]

During its discussion of the various proposed changes, the Committee considered the draft amendment to Criminal Rule 23(a) — the amendment that we described above:

> (a) *Trial by Jury.* Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial. <u>In felony cases, the waiver must be</u> in writing with the approval of the court and the consent of the state. <u>In misdemeanor cases, the waiver may be in writing or made on the record in open court.</u>

It was here, during the Committee's discussion of Rule 23(a), that the ambiguity in the administrative staff's wording was first perceived. Did the third sentence of the new version mean that waivers in misdemeanor cases could be either written or oral — the rule previously codified in District Court Criminal Rule 1(d)? Or was the third sentence also intended to eliminate the requirements of government consent and court approval in misdemeanor cases?

To further complicate matters, there was disagreement among the Committee members as to whether the then-current version of the rule — District Court Criminal Rule 1(d) — required court approval and government consent for any waiver of jury trial.[14] According to the minutes, "opinions differed" on this issue.

Some members of the Committee expressed the view that, because the introductory language of District Court Criminal Rule 1 incorporated every provision of the Criminal Rules unless the District Court Criminal Rules specified otherwise, the

---

[13] *Ibid.*

[14] *See* the minutes of the Criminal Rules Committee from May 6, 2013, page 2.

requirements of Criminal Rule 23(a) regarding court approval and government consent applied to waivers of jury trial in the district court. [15]   But other members of the Committee suggested that "practice or custom" on this issue "[might] vary in different [court] locations". [16]

The Committee tried to draft revised language for Criminal Rule 23(a) to clarify that the requirements of court approval and government consent applied to all waivers of jury trial.   But in the end, the Committee decided not to tinker with the language that had been drafted by the court administration — even though "several members found [this language] ambiguous". [17]

According to the minutes, the Committee decided to take no action on this language because the Committee "was not of one mind" and because the Committee "was hesitant to expressly call for what would be a change in practice in at least some areas of the state." [18]   Instead, the Committee opted for the ambiguous language drafted by the court administration because the Committee "preferred to leave [this matter] ambiguous." [19]

Several weeks later, on June 24, 2013, the supreme court promulgated Supreme Court Order No. 1799 (effective October 15, 2013).   In this order, the court enacted the version of Criminal Rule 23(a) that had been proposed in December 2012 by the court administration.

---

[15]   *See* the minutes of the Criminal Rules Committee from May 6, 2013, pages 2-3.

[16]   *See* the minutes of the Criminal Rules Committee from May 6, 2013, page 3.

[17]   *Ibid.*

[18]   *Ibid.*

[19]   *Ibid.*

The legislative record does not indicate what consideration, if any, the supreme court gave to the Criminal Rules Committee's discussion of this issue. With regard to the ultimate wording of Criminal Rule 23(a), the record contains only the explanation provided by the court administrative staff who drafted that wording.

As we have explained, the court administrative staff who drafted the current version of Criminal Rule 23(a) did not think that they were changing Alaska law. Rather, they were merely trying to incorporate the existing provisions of District Court Criminal Rule 1 into the regular Criminal Rules. According to the staff's accompanying "Explanation of Changes", the new version of Criminal Rule 23(a) was intended to incorporate the same rule that had been codified in District Court Criminal Rule 1(d) — the rule that, in misdemeanor cases, an oral waiver of jury trial was acceptable.

*Our analysis of Criminal Rule 23(a)*

As we explained early in this opinion, Alaska's Criminal Rule 23(a) was based on the corresponding federal rule that governed criminal trials in Alaska during territorial days. Alaska's Rule 23(a) incorporates the federal rule's three requirements of (1) a written waiver by the defendant, (2) consent by the government, and (3) court approval.

Until the summer of 2013 (when the Alaska District Court Criminal Rules were repealed), District Court Criminal Rule 1 clearly stated that the provisions of the regular Criminal Rules applied to the trials of misdemeanor cases in the district court unless some provision of the District Court Criminal Rules specified otherwise.

With respect to waivers of jury trial, District Court Criminal Rule 1(d) relaxed the requirements of Criminal Rule 23(a) in one respect only: District Court

Criminal Rule 1(d) declared that a defendant's waiver of jury trial did not need to be in writing — that it could be made orally on the record instead.

In all other respects, Criminal Rule 23(a) governed waivers of jury trial in district court proceedings. Thus, the requirements of government consent and court approval applied to jury trial waivers in district court criminal proceedings.

Although the current wording of Alaska Criminal Rule 23(a) might be clearer, the intent of its drafters is very clear. Those drafters were simply trying to meld the provisions of District Court Criminal Rule 1(d) with the provisions of Criminal Rule 23(a) — without changing the substantive law.

For these reasons, we interpret Criminal Rule 23(a) to mean that, in both felony and misdemeanor cases, a defendant can waive jury trial only with the consent of the government and the approval of the court.

And because there is no difference between Alaska law and Arizona law on this issue, we reject Treptow's argument that Arizona DUI convictions should not be counted as "prior convictions" when an Alaska court or jury assesses whether an instance of driving under the influence is a felony or a misdemeanor under AS 28.35.030(n).

(In reaching this conclusion, we do not mean to say that DUI convictions from states whose law *does* differ from Alaska law on this jury waiver issue are thereby disqualified as "prior convictions" for purposes of Alaska's felony DUI law. We do not reach this question, because Treptow's case does not require us to resolve it.)

The judgement of the superior court is AFFIRMED.

The first sentence of paragraph (f)(4), recited above (green), is correct in that "the defendant must give written consent to have the case tried before a magistrate." On the second alternate SCO 1799 (tan), I have suggested language that builds on that original sentence, and drops the second original sentence:

> (4)    The judicial officer shall inform the defendant that the case may not be tried before a magistrate without the defendant's written consent; and that if the defendant does not give that written consent, the case will be assigned to a district court judge.

This language is intended to avoid the problem that the Criminal Rules Committee had with the earlier language. Rather than requiring a defendant to opt out of an assignment to a magistrate judge, the defendant would need to opt in to an assignment to a magistrate judge.

A slightly more directive option would replace the last clause with:

> ; and that in the absence of that written consent, the case will be assigned to a district court judge.

One of the challenges of implementing this right is that there is no set time for the defendant to be asked for or to offer written consent.

***Criminal Rule 23 - Jury Waiver and the Number of Jurors.*** As noted in the meeting minutes excerpt, the Criminal Rules Committee declined to change the rule language to state that a misdemeanor defendant's consent to waive a jury trial must include the consent of the prosecutor and approval of the court. Practice surrounding consent varies and the committee was reluctant to mandate any changes. It did suggest replacing "state" with the broader term "government" to identify whose consent is required for the waiver, to read as follows:

> (a)    **Trial by Jury\*.** Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial. In felony cases, the waiver must be in writing with the approval of the court and the consent of the government~~state~~. In misdemeanor cases, the waiver may be in writing or made on the record in open court.

Opinions differed whether the misdemeanor and felony waiver standards in the current rules are different beyond the "in writing" requirement. One member argued that the consent and approval requirement applied already to misdemeanor cases by virtue of District Court Criminal Rule 1's advice that the Criminal Rules apply wherever applicable. The specificity and seemingly comprehensive approach taken in the existing Criminal Rule 23 and District Court Criminal Rule 1(d) weigh against that reading. Following the meeting, I researched the origin of the divergent standards and found that they can be traced essentially to statehood. *See* Attachment D (excerpt of SCO 4). Criminal Rule 23's jury waiver standard is unchanged. And the jury waiver standard in the existing District Court Criminal Rules was taken directly from Criminal Rule 59(d). Rule 59 appeared in the part of the Criminal Rules that provided procedures for the district magistrate courts; those rules were later replaced with the District Court Criminal Rules.

Given that it would likely change the standard to require consent and approval for a misdemeanor defendant's waiver of a jury trial, this rule proposal may not be the best vehicle. If there is interest in pursuing change to the waiver standards, it might be better handled as a separate rule change proposal that goes through the usual committee review and comment process.

Finally, with regard to proposed Rule 23(b), the committee questioned why the rule did not permit the parties in misdemeanor cases to stipulate to having the jury consist of less than six.

**Attachment A**                                                                                                                                                          3

The current district court rule makes no such allowance, but the existing Rule 23 does. The committee ran out of time before it had the chance to explore the question further. It agreed to note the issue but did not attempt to form a recommendation.

The original Criminal Rule 59(d) (shown in SCO 4) did allow the parties to agree to have a jury of fewer than twelve. But when the separate Magistrate Rules were created and made effective by SCO 49 on January 1, 1963, that provision was eliminated. (The language of Magistrate Rule 1(e) is identical to the language in D.Ct. Cr. R. 1(d).) The materials I have reviewed relating to SCO 49's creation of the magistrate rules did not directly address the issue of the number of jurors. But the change may be a consequence of the 1961 enactment of AS 22.15.150, which provides that trial juries in the district court shall consist of six persons.

If the court were inclined, Rule 23(b) could be amended to allow parties in misdemeanor cases to agree to a jury of fewer than six persons. A possible approach is shown below:

> In felony cases, ~~Juries~~ juries shall be of 12 persons. In misdemeanor cases, juries shall be of six persons. ~~B~~but at any time before verdict, the parties may stipulate in writing with the approval of the court that the jury shall consist of fewer persons~~any number less than 12~~.

The more conservative approach would be to retain the existing, proposed language (taken from the district court rule) and let any proposal for change go through the full rule change review process if there is interest.

### Other Edits to Criminal Rule 5(c).

The criminal rules committee also suggested some other edits to the SCO. Most appear in Criminal Rule 5(c). (The committee also suggested that Criminal Rule 5(b)'s heading be amended to match its text.) Its well-taken suggestion to delete Rule 5 (c)(3)(E) is discussed above. The committee also recommended deleting the repetitive language found at Rule 5 (c)(3)(C).

The committee also suggested that the proposal drop the language presented in Rule 5 (c)(3)(B)(i) to (iii). At the last conference, the court revised that language, drawn from D.Ct.Cr. R. 1(b)(2). In the second alternate SCO 1799 (tan), I did not include that suggestion. If the court adopts SCO 1799, the Minor Offense Rules will reference Criminal Rule 5(c) instead of D.Ct.Cr. R. 1. Because of that, it may be helpful to retain advice regarding who is entitled to appointed counsel.

The committee also suggested that the remaining provisions of Rule 5(c) be restructured to consolidate some provisions and avoid repetition of the phase "shall inform the defendant." Because that change in structure did not fit with the substance of proposed paragraph (c)(5), the committee suggested moving it, but did not identify where. In the second alternate SCO 1799 (tan), I further restructured subsection (c) to find a place for the otherwise orphaned provision. All the provisions that fit the "shall inform the defendant" class are presented in (c)(1), the orphaned provision is presented at (c)(2).

Whether the committee's stylistic edits (and my additions) achieve their intended goal of improving the rule's readability is for the court to decide. The court may prefer, for instance, the Criminal Rule 5(c) language as presented in the alternate SCO 1799 (green), with subparagraphs (c)(3)(C) and (E) deleted.

**Attachment A**

4

## List of Attachments

**Attachment A –** Rules Referral Memorandum (SCO 1799) without attachments
(dated March 8, 2013) ...............................................................................1

**Attachment B –** Rule Proposal with Commentary from Administrative Staff
(dated December 28, 2012) ........................................................................5

**Attachment C –** Excerpt of Criminal Rules Committee Meeting Minutes (May 6, 2013) .........16

**Attachment D –** 1959 Criminal Rules 23, and 59 (SCO 4) .....................................................24

**Attachment E –** Current District Court Criminal Rules 1, 4, 6; Minor Offense Rules 5, 6;
Criminal Rules  5, 5.1, 10, 19 and 23 (blue)...................................................29

**Attachment F –** Alaska Statute 22.15.120 (blue)..........................................................................39

**Attachment A**

5

**Rule 5.1. Preliminary Examination in Felony Cases.**

...

**Rule 10. Felony Arraignment in Superior Court.**

**Rule 19. Change of Venue--Application to Court.**

All applications for change of place of trial in the cases provided by AS 22.10.040 or AS 22.15.080 shall be made by motion, supported by affidavit, upon five days' notice to the other party, except that in misdemeanor cases the request may be made orally on the record. In the event that a change of place of trial shall be ordered, the clerk of the court in which the case is pending shall transmit to the clerk of the court to which the proceeding is transferred all papers in the proceeding, or duplicates thereof, and the prosecution shall continue in that court.

> **Explanation of Changes:** We added reference to AS 22.15.080 to make it applicable to misdemeanors. Venue was previously addressed in DCCrR 1(e). The Rule 19 standard is more demanding than the district court standard, so we added an exception to allow oral motions in misdemeanors as authorized in DCCrR 1(e).

**VI. TRIAL**

**Rule 23. Trial by Jury or by the Court.**

(a) **Trial by Jury.*** Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial. In felony cases, the waiver must be in writing with the approval of the court and the consent of the state. In misdemeanor cases, the waiver may be in writing or made on the record in open court.

> **Explanation of Changes:** The changes in this rule clarify that felony waivers must still be in writing and that misdemeanors waivers may be in writing or made orally on the record as provided in DCCrR 1(d)

## 1.   Changes to District Court Criminal Rules (Draft SCO 1799)

**Background:** At its March 15 Rules Conference, the supreme court requested that this committee review draft SCO 1799.   That SCO would rescind the remaining District Court Criminal Rules, make supportive amendments to Criminal Rules 5, 5.1, 10, 19, and 23 that incorporate the substance of District Court Criminal Rule 1, and replace references to District Court Criminal Rule 1 in Minor Offense Rules 5 and 6.[1]   The supreme court previously discussed that with the establishment of the Rules of Minor Offense Procedure, separate District Court Criminal Rules would no longer be necessary. Consistent with that expectation, administrative staff prepared this rule proposal.

The rule change was presented directly to the supreme court as a minor rule change because it does not change the substance of the existing rule provisions. Instead, significant provisions of District Court Criminal Rule 1 are moved to logical places within the Criminal Rules. Rule 1 is the only District Court Criminal Rule that offers specific guidance on procedure in the district court. (Rule 4 provides for the title of the rules; Rule 6 repeats the language in Criminal Rule 52.) Only those provisions of Rule 1 that offer specific guidance were carried over to the Criminal Rules. The proposal's aim is modest.

Overall, the court was supportive of the proposal, but it wanted additional review by this committee to make sure that it was not missing anything. In particular, the court wanted committee input on the provisions for waiving a trial by jury in Criminal Rule 23. The proposal carries over the waiver language for misdemeanors from the current District Court Criminal Rule 1(d). That standard differs from the felony waiver standard.  This committee was asked to address if the standards are—in fact or practice—different; and if so, should they be aligned to the felony standard?

The court would appreciate the committee's input on its specific questions as well as any other concerns the committee may have.

**Discussion:** This item was the last agenda item that the committee reached during the meeting. It made time for the discussion in consideration of the court's interest in taking final action on this proposal before the publication deadline for the rule book.

*Criminal Rule 5(c).*   The committee members quickly raised issues with the existing rule language (taken from District Court Criminal Rule 1) regarding magistrates' ability to try misdemeanor cases. Rather than advising that a misdemeanor defendant has a right to "demand to be tried before a district court judge," the case should be assigned to a district court judge as the default.[2]   No demand should be necessary. The consensus expressed was that misdemeanor cases should be assigned to a magistrate for trial only after the defendant has given consent in writing to be tried before a magistrate. Members suggested further that the judicial appointment order could be an appropriate place to advise or remind the defendant of the option of having the case heard by a magistrate.  There is no pre-trial order in misdemeanor cases.  The only hearing before trial may be the calendar call. Consequently, last minute delays can arise if a case is assigned to a magistrate without the defendant's consent.

---

[1] The changes to Minor Offense Rules 5 and 6 were not presented to the supreme court initially. They were added upon discovery of the D.Ct.Cr. R. 1 references.

[2] A member reported one instance where the court refused to appoint a district court judge.

Because the defendant should not have to demand to be tried by a district court judge, the committee questioned whether it was necessary or relevant at the time of arraignment to address the magistrate issue. It unanimously agreed to delete the proposed added language at Criminal Rule 5(c)(3)(E). The consensus was that there is too much information presented to the defendant at that initial appearance; the waiver information may be more relevant or meaningful to the defendant later.

Members also supported generally streamlining the language in Rule 5(c). Judge Mannheimer proposed edits to tighten the presentation of the information that "the judge or magistrate shall inform the defendant" of. He also suggested excising proposed items (c)(3)(B)(i)-(iii) as unnecessary explanations of substantive law, and eliminating subparagraph (c)(3)(C), since that language appears later in the rule at paragraph (e)(2). Judge Mannheimer suggested that the language of proposed paragraph (c)(5) no longer fit with the other remaining paragraphs and should be moved. But no suggestions were offered where that language should go.

In the course of its discussion of arraignments, the committee pondered the right to counsel, when it attaches, and bail. Judge Swiderski explained that when counsel is not present, the judge will generally enter a plea of not guilty for the defendant and avoid substantive matters. Some expressed concern that if bail is set at arraignment, before the defendant has a chance to retain or consult with counsel, that the defendant may be disadvantaged later in terms of the ability to request a bail review. Judge Swiderski noted that he had never had a case where an unrepresented defendant asked that he not set bail at arraignment.

*Criminal Rule 5(f)(4).* Moving on, the committee turned to the new language proposed as Rule 5(f)(4). As with the language the committee deleted at Rule 5(c)(3)(E), the committee had problems with this paragraph. In particular, the group took issue with the second sentence as a description of how things should or do proceed. Consistent with the earlier discussion, the group noted that the magistrate should not hold the case in abeyance until a district court judge become available if the defendant does not consent to be tried before a magistrate; the case should not be assigned to a magistrate in the first place absent the defendant's consent. Members suggested that the first sentence of the paragraph could be re-written to better emphasize that concept. As with the earlier discussion, the committee was not convinced that this information was helpful at arraignment.

It agreed that the information needs to be shared at some point, but did not specify where in the rules it might belong. The committee wants to avoid situations where a case is set for trial before a magistrate but then needs to be re-scheduled at the last minute upon discovery that the defendant does not consent.

*Criminal Rule 23(a).* The committee turned its attention next to the court's specific questions about the standards for waiving a jury trial in misdemeanor and felony cases, as it relates to the suggested revisions to Criminal Rule 23. The court's first question for the committee was whether the waiver standards differ? The language in the current district court rule provides that the defendant's waiver may be in writing or made on the record in open court. But Criminal Rule 23(a) requires that the waiver be in writing with the approval of the court and consent of the state.[3]

Opinions differed as to whether the current district court rule included the current Criminal Rule 23(a) consent and approval standards. Judge Mannheimer took the position that Rule 23(a)'s

---

[3] There was some debate over the existing Rule 23(a) language and whether the court could refuse to accept a waiver agreed to by the parties. But given that courts are routinely called upon to inquire into and accept waivers, the issue was dropped.

consent and approval requirement applied to both misdemeanor and felony cases, based on the language in District Court Criminal Rule 1 providing that "Wherever practicable the Rules of Criminal Procedure shall apply to criminal actions within the jurisdiction of the district courts." He suggested that the only difference was that in misdemeanor cases, the waiver need not be in writing. Other members suggested that the differences were broader.

Most agreed that it was uncommon for a defendant to waive a jury. Mr. Olson of OSPA reported that he had been asked for consent in the past and never objected. But Ms. Franklin of the municipal prosecutor's office reported that she is never asked for consent. Her office handles 70% of the misdemeanor cases in Anchorage. Members allowed that the practice or custom may vary in different locations. For some, it would be a change to require consents or approval.

The committee experimented with revised language for Rule 23(a) to make the consent and approval requirements clearly apply in all cases, including as follows:

> (a)    **Trial by Jury\***. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial with the approval of the court and the consent of the ~~state~~government. In misdemeanor cases, the waiver may be in writing or made on the record in open court. In felony cases, the waiver must be in writing. ~~with the approval of the court and the consent of the state. In misdemeanor cases, the waiver may be in writing or made on the record in open court.~~

But rather than recommend that change or similar, the committee opted to leave the proposed language—which several members found ambiguous—essentially as is, though "state" would be replaced with "government":

> (a)    **Trial by Jury\***. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial. In felony cases, the waiver must be in writing with the approval of the court and the consent of the ~~government~~state. In misdemeanor cases, the waiver may be in writing or made on the record in open court.

This result reflects a certain ambivalence on the part of the committee with regard to the court's second question: whether the court's approval and the state's consent should be required for a misdemeanor defendant's waiver? The committee was not of one mind and was hesitant to expressly call for what would be a change in practice in at least some areas of the state. It preferred to leave it ambiguous.

Earlier in the discussion, Mr. Murtagh had expressed his general preference that any time an important right is waived, it should be in writing, since that process tends to elicit more thought and reflection. But the committee did not pursue that change. (The limited purpose of the proposal was to move the existing substantive provisions of District Court Criminal Rule 1 into the Criminal Rules.)

*Criminal Rule 23(b)*. As time was running out, a committee member queried whether the parties in misdemeanor cases should be permitted to stipulate, with the court's consent, to having fewer than six jurors. The rule provides that in felony cases, the parties may stipulate to a jury of less than 12. Lacking time, the committee did not attempt to resolve the question.

In light of the upcoming rule-book publication deadline, the committee agreed to share the work it was able to complete with the court. The proposal with the committee revisions is shown below:

(2~~1~~) The judicial officer shall ask the defendant to enter a plea pursuant to Criminal Rule 11.

(3~~2~~) If the defendant pleads not guilty, the court shall fix a date for trial at such time as will afford the defendant a reasonable opportunity to prepare.

~~(4) If the defendant is charged with a misdemeanor, the defendant must give written consent to have the case tried before a magistrate. If a defendant does not give such written consent, the magistrate shall hold the proceedings in abeyance until a district judge becomes available to try the case.~~ [NOTE: The committee favored removing or moving this paragraph as ill-timed at arraignment. In addition, the standard presented is not correct. Because a defendant must first consent to have a case tried by a magistrate, the case should be assigned initially to a judge, not to a magistrate.]

(4~~5~~) The judicial officer shall inform the defendant that the defendant may peremptorily disqualify the district judge or magistrate to whom the case is assigned pursuant to AS 22.20.022.


### Rule 5.1. Preliminary Examination in Felony Cases.

* * * *


### Rule 10. Felony Arraignment in Superior Court.

* * * *


### Rule 19. Change of Venue—Application to Court.

All applications for change of place of trial in the cases provided by AS 22.10.040 or AS 22.15.080 shall be made by motion, supported by affidavit, upon five days' notice to the other party, except that in misdemeanor cases the request may be made orally on the record. In the event that a change of place of trial shall be ordered, the clerk of the court in which the case is pending shall transmit to the clerk of the court to which the proceeding is transferred all papers in the proceeding, or duplicates thereof, and the prosecution shall continue in that court.


### Rule 23. Trial by Jury or by the Court.

(a) **Trial by Jury***. Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial. In felony cases, the waiver must be in writing with the approval of the court and the consent of the government~~state~~. In misdemeanor cases, the waiver may be in writing or made on the record in open court.
[NOTE: The committee opted to leave the rule ambiguous, at least for now. Opinions differed as to whether the current district court rule included the current Criminal Rule 23(a) consent and approval standards.]

(b) **Jury of Less Than Twelve.** In felony cases, ~~Juries~~ juries shall be of 12 persons, but at any time before verdict the parties may stipulate in writing with